**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEVEN ROBINSON, ) | |
| ) | No. 14 C 6778 |
| Plaintiff, ) | |
| ) | Judge John W. Darrah |
| v. ) | |
| ) | JURY DEMANDED |
| OFFICER R.A. BLOMSTRAND #14784 and ) | |
| LIEUTENANT MARGARET LAMEKA, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT,
AFFIRMATIVE AND OTHER DEFENSES, AND JURY DEMAND**

Defendants Officer Russell Blomstrand and Lieutenant Margaret Lameka answer Plaintiff Steven Robinson's complaint as follows:[1]

1. On November 7, 2013 at 2:30 am the Chicago Police 14th District stopped me on the block of 2043 W. McLean Ave Chicago, IL 60647.

**ANSWER:** Defendant Blomstrand admits that on November 7, 2013, at approximately 2:54 a.m., he encountered Plaintiff at 2043 West McLean Avenue in Chicago. Defendant Lameka lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. They pulled up and shinned a light on me and told me to lay down on the ground. Witch [*sic*] I did with no resisting.

**ANSWER:** Defendant Blomstrand admits that he and his partner arrived at the aforementioned location in their police vehicle, that they shined a light on Plaintiff, and upon information and belief admits that he told Plaintiff to lay down on the ground. Defendant Blomstrand further admits

---

[1] Defendants' counsel has tried to ascertain from Plaintiff's handwritten complaint the claims brought against Defendants and the facts supporting them. In that vein, Defendants have answered Plaintiff's allegations to the best of their ability.

1

that Plaintiff lay down on the ground following this directive. Defendant Lameka lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

       3.       Officer Blomstrand #14176 kicked my right hand and stomped on my right hand.

**ANSWER:** Defendant Blomstrand admits that he kicked Plaintiff's right hand to dislodge the object that Plaintiff held in it and then secured it. Defendant Lameka lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

       4.       Since then, I had surgery and had 4 pins put in my hand so they can reconstruct my hand. I went to Strogers Hospital for my surgeries. Doctor Brown was my doctor. I have copies all my medical notes. Stroger and Cermak have all of my medical files.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

       5.       I have been charged with a fabricated burglary. In the police report he does admit to kicking my hand. His excuse was he thought I had a weapon in my hand. He also states that when he asked what was in my hand my response was "I'm not giving you what is in my hand". The [*sic*] did not charge me with resisting arrest, just burglary. The police report case # is 13 CR 2218001.

**ANSWER:** Defendants admit that Plaintiff was charged with burglary but deny that the charge was fabricated. Defendants admit that in the Original Case Incident Report, Officer Blomstrand states that he kicked Plaintiff's hand because he believed Plaintiff was holding a weapon in it. Defendants further admit that Plaintiff was not charged with resisting arrest and that his underlying pending criminal case is case No. 13 CR 2218001. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

       6.       I have took further action by filing a complaint with Independent Police Review Authority. My criminal lawyer and I have also found out that they interviewed everyone involved in my arrest except they did not interview the Investigation Officer B.A. Blomstrand #13176, the Officer that is responsible for my fractured hand.

**ANSWER:** Defendants admit that Plaintiff filed a complaint with the Independent Police Review Authority. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

7. I have a lot of nerve damage and I also lost some mobility of my hand. I am a cook by trade and I don't know if I can continue working in my field due to my nerve damage. Doctors are uncertain how my hand will heal.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

8. When I got to the 14th District (2150 N. California, Chicago, IL 60647) during my arrest I was requesting and demanding medical treatment to take me to the hospital.

**ANSWER:** Defendants deny the allegations set forth in this paragraph.

9. On November 7, 2013, Lieutenant Margaret Lameka told me my hand was fine and to stop whinning. She denied me medical attention.

**ANSWER:** Defendant Lameka denies the allegations set forth in this paragraph. Defendant Blomstrand lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

10. My hand was swollen and I was in a lot of pain. I didn't get any medical attention until 15 hours later on November 7, 2013.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

11. At bond court here at 2700 S. California Chicago, IL 60608, the judge ordered me medical attention. They took pictures at bond court. They are also in my file. I have included some copies of my medical records and a copy of my complaint with the Independent Police Review Authority.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

12. I am seeking both punitive and compensatory damages for pain and suffering, excessive force, conflicting injury, bodily harm and police brutality. They denied me medical attention and I lost mobility of my hand. I would like a very public acknowledgment of wrongdoing by the defendants and an apology. All defendants are sued I their individual and official capacities. I can accept a settlement amount of 2.5 million dollars and all medical bills paid.

**ANSWER**: Defendants deny the allegations set forth in this paragraph.

WHEREFORE, Defendants request that this Court enter judgment in their favor as to all counts in the complaint and against Plaintiff and enter any other relief in favor of Defendants and against Plaintiff that this Court deems just and proper.

**Affirmative and Other Defenses**

1. Defendants Officer Blomstrand and Lieutenant Lameka are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted them could have believed their actions to be lawful, in light of clearly established law and the information that they possessed. Defendants are therefore entitled to qualified immunity.

2. As to any alleged state law claims, the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") states that public employees are not liable for their acts or omissions in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202. Therefore, because Defendants Blomstand and Lameka were acting in the execution and enforcement of the law, and because their alleged acts or omissions did not constitute willful or wanton conduct, they cannot be held liable.

3.      To the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate any injuries or damages attributed to Plaintiff by a jury in this case.

4.      As to the state law claims, under the Tort Immunity Act, Defendants are not liable for injuries arising out of the exercise of discretionary acts. *See* 745 ILCS 10/2-201.

5.      As to the state law claims, where Defendants may be liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by the application of principles of comparative fault in proportion to the amount of the willful and wanton and intentional conduct of Plaintiff that was the proximate cause of his injuries.

6.      Defendant Blomstrand's use of force was reasonable and justifiable under the circumstances. A peace officer is justified in the use of any force which he reasonably believes to be necessary to effect arrest and of any force which he reasonably believes to be necessary to defend himself or another from bodily harm while making the arrest. *See* 720 ILCS 5/7-5.

7.      Under the Tort Immunity Act, Defendants are not liable for any of the claims alleged because a public employee acting within the scope of his employment is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

## Jury Demand

Defendant respectfully requests trial by jury for all issues so triable.

Dated: January 5, 2015                                  Respectfully submitted,

/s/ Sheri L. Wong
SHERI WONG, Attorney No. 6291090
Assistant Corporation Counsel
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 742-4045

5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN ROBINSON, ) | |
| ) | No. 14 C 6778 |
| Plaintiff, ) | |
| ) | Judge John W. Darrah |
| v. ) | |
| ) | JURY DEMANDED |
| OFFICER R.A. BLOMSTRAND #14784 and ) | |
| LIEUTENANT MARGARET LAMEKA, ) | |
| ) | |
| Defendants. ) | |

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

To:  Steven Robinson
     #2013-1107259
     Cook County Jail
     P.O. Box 089002
     Chicago, Illinois 60608

**Please take notice** that on January 5, 2015, I have caused to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **Defendant's Answer to Plaintiff's Complaint, Affirmative Defenses and Jury Demand**, a copy of which is herewith served upon you, via U.S. mail with postage-prepaid.

I hereby certify that on January 5, 2015, I electronically filed the foregoing document using the CM/ECF system of the United States District Court for the Northern District of Illinois, which has resulted in electronic delivery of the above to the attorneys of record in the above-captioned case.

Respectfully submitted,

/s/ Sheri Wong
SHERI WONG, Attorney No. 6291090
Assistant Corporation Counsel
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 742-4045